# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Monica D. Rivers,

    Plaintiff                               3:17CV01592

    v.                                       **ORDER**

State Farm Fire & Casualty Co.,

    Defendant

The insured, Monica D. Rivers, sues her insurer, State Farm Fire & Casualty Company (State Farm) for failing to provide coverage following a fire in her home. Pending is State Farm's motion for judgment on the pleadings. (Doc. 5).

For the reasons that follow, I grant the motion.

The fire occurred on June 24, 2016. The policy required that plaintiff file this suit within one year of the loss. She did not, how ever, file suit until June 27, 2017–more than one year after the fire. Relying on plaintiff's failure to satisfy a precondition to recovery, State Farm seeks dismissal.

If State Farm, through its negotiation tactics, lured plaintiff into believing that it was going to settle the case, and that litigation was not necessary, thereby lulling her into inaction, controlling Ohio precedent withholds the policy limitations period defense on the basis of waiver. *See, e.g.*, *Hounshell v. American States Ins. Co.*, 424 N.E.2d 311 (Ohio 1981). In *Hounshell* the court held that an insurer waives the one year limitations period where: 1) "the insurer, by its acts or declarations, evidences a recognition of liability," and 2) "the evidence reasonably shows that such expressed recognition of liability and offers of settlement have led the insured to delay in bringing an action on the insurance contract." *Id*. at 314.

Although State Farm initially notified plaintiff of a reservation of rights, by February 24, 2017, its request for further information had been satisfied. Thereafter State Farm did not make an offer to settle, or otherwise engage in ongoing negotiations.

To be sure, State Farm's adjuster did not respond to calls from plaintiff's attorney. But that is a far cry from engaging in a dilatory course of faux "negotiations" until the policy's limitations period has come and gone. Indeed, to the extent that State Farm was expressing anything, it was that it was not interested in even talking about the claim - much less a willingness to resolve it.

Instead of luring plaintiff into expecting that a resolution was likely or lulling her into inaction, State Farm's unresponsiveness and inaction put her on notice that, when push came to shove, she had to push State Farm into paying her loss by brining suit.[1]

At least as of February 24, 2017, nothing in State Farm's response to plaintiff's demand for coverage justified the delay in filing this suit. Plaintiff having done so past the one year policy limitations period, State Farm is entitled to dismissal of the complaint.

It is, accordingly,

ORDERED THAT the motion of State Farm Fire & Casualty Company for judgment on the pleadings (Doc. 5) be, and the same hereby is granted.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge

---

[1] It appears possible that plaintiff's attorney was responsible for the failure to timely file suit to recover under the policy. Plaintiff may want to consider contacting another attorney to determine what recourse, if any, may be appropriate. To that end, if she is otherwise unacquainted with other attorneys, she may contact the Toledo Bar Association Lawyer Referral and Information Service at 419-242-2000.